(135 So. 583)

## WOOD v. INDUSTRIAL LIFE & HEALTH INS. CO.

### 6 Div. 953.

Supreme Court of Alabama.
June 27, 1931.

Hiram Wood, of Birmingham, for appellant.

J. Edgar Bowron, of Birmingham, for appellee.

**FOSTER, J.**

The right of the insurer in health and accident insurance, in compliance with a stipulation to that effect, to cause the insured to be examined by a physician to be selected by the insurer, is recognized by the authorities as within the power of the parties thus to contract. 33 C. J. 20, § 671; 14 R. C. L. 1343, § 514; 5 Joyce on Ins. (2d Ed.) 5813, § 3491-a; 29 C. J. 282, § 8; Rocci v. Mass. Accident Co., 226 Mass. 545, 116 N. E. 477; Tompkins v. Pac. Mut. Life Ins. Co., 53 W. Va. 479, 44 S. E. 439, 62 L. R. A. 489, 97 Am. St. Rep. 1006.

It has not been thought that such an agreement is beyond the power of the parties to bind themselves. This court has held that the circumstances may justify a personal examination of plaintiff under supervision of the court in civil actions for personal injuries resulting from a tort. Ala. Great So. R. R. Co. v. Hill, 90 Ala. 71, 8 So. 90, 9 L. R. A. 442, 24 Am. St. Rep. 764; Id., 93 Ala. 514, 9 So. 722, 30 Am. St. Rep. 65.

The privilege of refusing to give evidence only applies to criminal prosecutions against the witness or of a nature which tends to incriminate him, and not otherwise in civil cases, though the damages are punitive. Ex parte Pepper, 185 Ala. 284, 64 So. 112; So. Rwy. Co. v. Bush, 122 Ala. 470, 26 So. 168.

There is no infringement of any constitutional right to which our attention is directed by an enforcement of the contract stipulations set up in the plea in this case. There was no error in overruling demurrer to such plea.

No other question is presented, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.